UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| JOHN GORDON,<br><br>Plaintiff,<br><br>vs.<br><br>CORY POTTER, IN PERSONAM; F/V GAMBLER, OFFICIAL NUMBER\_\_\_\_\_, HER ENGINES, MACHINERY, APPURTENANCES AND CARGO, IN REM,<br><br>Defendants. | Case No<br><br>AT LAW AND AT ADMIRALTY<br><br>**SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916** |

COMES NOW the plaintiff and complains of the defendants alleging upon information and belief as follows:

1. Plaintiff, John Gordon, brings and maintains this action pursuant to 28 U.S.C. § 1333; 46 U.S.C. §§ 10601, 30103, 30104 – the Jones Act, U.S. Const. Art. III, sec. 2, and the general maritime law.

2. Plaintiff is a resident of California.

3. Plaintiff is a seaman and a ward of this Court and elects to take advantage of the provisions of 28 U.S.C. § 1916 to proceed without prepayment of costs or fees.

**SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 1**
**CASE NO.**

**JOHN W. MERRIAM**
4005 20th Avenue West, Suite 110
Seattle, Washington 98199
T (206) 729-5252 ♦ F (206) 729-1012

Case 3:23-cv-00010-JMK    Document 1    Filed 09/28/22    Page 1 of 5

1       4.      Defendant herein, Cory Potter, on information and belief, has a principal place of business or is doing business in the Western District of Washington.

      5.      The F/V Gambler is a fishing vessel documented by the United States, official number _____.  On information and belief, said vessel will be found in the Western District of Washington during the pendency of this action.  During all times herein mentioned said vessel was owned or bareboat chartered by the defendants and was engaged in maritime commerce.

      6.      At all times herein mentioned, plaintiff was employed by the defendants as a member of the crew, in the service of said vessel and was at all times acting within the course and scope of his duties as deckhand in furtherance of the mission of said vessel.

      7.      On or about January 2021, while said vessel was in navigable waters, plaintiff was struck in the knee, and did thereby sustain severe, painful and disabling injuries to his leg and other injuries not fully known at this time.  Plaintiff prays leave to amend this complaint when the full extent of injuries and disabilities is ascertained.

      8.      Said injuries, disabilities, and damages were directly and proximately caused by the unseaworthiness of the vessel; the negligence, in whole or in part, of the defendants and their agents, servants and employees; and the failure of the defendants to provide a reasonably safe place to work, in one or more of the following respects:  a steel hatch cover was not properly secured and fell on plaintiff's leg.

      9.      As a direct and proximate result of the foregoing, plaintiff was caused to and did incur reasonable charges for medical care and attention.  Plaintiff does not know the reasonable

**SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 2
CASE NO.**

**JOHN W. MERRIAM**
**4005 20th Avenue West, Suite 110**
**Seattle, Washington  98199**
**T (206) 729-5252 ♦ F (206) 729-1012**

Case 3:23-cv-00010-JMK    Document 1    Filed 09/28/22    Page 2 of 5

1  value of said medical care and attention already rendered or to be rendered in the future and

2  therefore, prays leave to amend this complaint to show the same.

3  10. Plaintiff was hired by defendants to fish for cod in 2021 out of Kodiak, Alaska. He
4  was promised $300 per day for 24 days, or $7,200. He was given no written contract, nor was he
5  given an accounting of the catch as required by 46 U.S.C. §10601 et seq.

6  11. Plaintiff was only paid $200 per day and defendants made improper deductions from
7  his wages in the amounts of $589 for airfare, $280 for a fishing license, and $520 improperly
8  deducted for repayment of a loan made by a fellow crew member, not by defendants. Plaintiff
9  was only paid a total of $2,910.

10  12. Plaintiff claims the highest rate of wages paid out of Kodiak, Alaska to a deckhand in
11  the same fishery aboard a similar vessel. Plaintiff further claims wage penalties under state law
12  and/or punitive damages under the federal maritime law.

13  13. Eighty-nine (89) days following the filing of this action, plaintiff waives the
14  physician-patient privilege, under protest, and only on condition that the Court holds that a
15  waiver is required in this case. This waiver is made pursuant to RCW 5.60.060(4)(b), as
16  amended by Chapter 305, Laws of 1986; as limited by the civil discovery rules. Specifically,
17  plaintiff authorizes no ex parte contacts or inquiry to medical personnel regarding matters not
18  reasonably calculated to lead to the discovery of admissible evidence. This waiver is made
19  subject to plaintiff's challenge to the constitutionality of RCW 5.60.060(4)(b) on privacy
20  grounds, and the applicability of said statute to federal causes of action brought in federal court.

22  WHEREFORE, plaintiff prays judgment against the defendants as follows:

**SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 3**
**CASE NO.**

**JOHN W. MERRIAM**
4005 20th Avenue West, Suite 110
Seattle, Washington 98199
T (206) 729-5252 ♦ F (206) 729-1012

1. For a declaration that the plaintiff holds claim to a preferred maritime lien against the defendant vessel, her engines, machinery, appurtenances and cargo;

2. For arrest, condemnation and sale of the defendant vessel including her engines, machinery, appurtenances and cargo;

3. For general damages, including damages for loss of consortium, as are reasonable and fair;

4. For such special damages, including found, as may be shown by the proofs herein;

5. For maintenance and cure, and for consequential and punitive damages for failure to pay same;

6. For earned and/or unearned wages and double wage penalties;

7. For pre-judgment interest on all claims as is in the law provided;

8. For costs of suit and reasonable attorney fees;

9. For such other and further relief, including punitive damages, as is met and just in the circumstances.

Dated this 28th day of September, 2022.

LAW OFFICE OF JOHN MERRIAM

By: */s/ John W. Merriam*
John W. Merriam, WSBA #12749
4005 20th Avenue West, Suite 110
Seattle, WA 98199
Telephone: (206) 729-5252
Fax: (206) 729-1012
Email: john@merriam-maritimelaw.com
*Attorney for Plaintiff*

**SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 4**
**CASE NO.**

**JOHN W. MERRIAM**
**4005 20th Avenue West, Suite 110**
**Seattle, Washington 98199**
**T (206) 729-5252 ♦ F (206) 729-1012**

Case 3:23-cv-00010-JMK    Document 1    Filed 09/28/22    Page 4 of 5

1     I am the attorney for the plaintiff in this action and have knowledge of the matters

2 asserted in the above complaint based upon information provided by the plaintiff.

3     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the allegations of the

4 above complaint are true and correct to the best of my knowledge and belief.

5     DATED at Seattle, Washington this 28th day of September, 2022.

                                                  */s/ John W. Merriam*
                                                  John W. Merriam

**SEAMAN'S COMPLAINT IN REM AND IN PERSONAM FOR DAMAGES FOR PERSONAL INJURIES, WAGES, CLAIM FOR MAINTENANCE AND CURE – ALL WITHOUT PAYMENT OF COSTS, 28 U.S.C. § 1916 - 5**
**CASE NO.**

**JOHN W. MERRIAM**
**4005 20th Avenue West, Suite 110**
**Seattle, Washington 98199**
**T (206) 729-5252 ♦ F (206) 729-1012**

Case 3:23-cv-00010-JMK     Document 1     Filed 09/28/22     Page 5 of 5